COUNTY COMMISSIONERS — AUTHORITY TO LEASE COUNTY HOSPITAL If the Board of County Commissioners determines it is for the best interest of the county, they may lease the hospital and equipment therein to a public trust created under 60 O.S. 176 [60-176] — 60 O.S. 180.3 [60-180.3] (1970) and 60 O.S. 179 [60-179] [60-179] (1961), of which the county is beneficiary without first having secured voter approval of the lease agreement. The Attorney General has had under consideration your letter of October 16, 1970, wherein you ask: "Does a Board of County Commissioners have the power to lease a county owned hospital to a public trust created pursuant to Title 60, Oklahoma Statutes, Sections 176-180, inclusive, and of which the county is beneficiary, without first having secured voter approval of the question of such leasing at an election held in the county in view of the recent amendment of Title 19, Oklahoma Statutes, Section 60 O.S. 789 [60-789] by Laws 1970, Ch. 286, Section 6, pp 506 and 507 19 O.S. 789 [19-789] (1970) ?" Title 60 O.S. 176 [60-176] 60 O.S. 180.3 [60-180.3] [60-180.3] (1970) together with 60 O.S. 179 [60-179] (1961), are the statutes which provide for the creation of trusts for the furtherance of public functions. Title 19 O.S. 789 [19-789] (1969), provided in pertinent part: "It shall be the duty of the board of county commissioners to place the management and control of said hospital either under a board of control composed of five members or to lease the hospital and equipment therein to a charitable nonprofit organization. Unless the hospital is to be leased as hereinafter provided, the board of county commissioners shall appoint the five members of the board of control from the citizens at large of the county. . . "If the board of county commissioners determines it is for the best interests of the county, they may in lieu of operation of the hospital through a board of control lease the hospital and equipment therein to a charitable nonprofit organization, in such event the lessee shall be responsible for all costs of operation and maintenance;provided, no hospital or equipment therein shall be leased unless the specific leasing be authorized by the voters of the county at a general election, or a special election called for such purpose, and approved by a majority vote of the electors voting on such proposition at any such election." (Emphasis added) Title 19 O.S. 789 [19-789] (1970), which became effective April 27, — 1970, provides in pertinent part: "It shall be the duty of the Board of County Commissioners to place the management and control of said hospital either under a Board of Control composed of five, seven or nine members, or to lease the hospital and equipment therein to a charitable nonprofit organization. Unless the hospital is to be leased as hereinafter provided, the Board of County Commissioners shall appoint the members of the Board of Control from the citizens at large of the county . . . . "If the Board of County Commissioners determines it is for the best interest of the county, they may in lieu of operation of the hospital through a Board of Control lease the hospital and equipment therein to a charitable nonprofit organization, in such event the lessee shall be responsible for all costs of operation and maintenance;provided, no hospital or equipment therein shall be leased other than to a public trust of which the county is beneficiary unless the specific leasing be authorized by the voters of the county at a general election, or a special election called for such purpose, and approved by a majority vote of the electors voting on such proposition at any such election." (Emphasis added) A careful reading of the new Section 60 O.S. 789 [60-789], supra, clearly indicates that approval by county voters is no longer a prerequisite to the leasing of a county hospital and its equipment where the lessee is a public trust of which the county is beneficiary. Therefore, it is the opinion of the Attorney General that if the Board of County Commissioners determines it is for the best interest of the county, they may lease the hospital and equipment therein to a public trust created under 60 O.S. 176 [60-176] — 60 O.S. 180.3 [60-180.3] (1970) and 60 O.S. 179 [60-179] [60-179] (1961), of which the county is beneficiary without first having secured voter approval of the lease agreement. (WILLIAM M. BONNELL)